UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VISION BUILDERS, INC.,

                Plaintiff,

      v.

BOARD OF TRUSTEES OF THE
MASONRY SECURITY PLAN OF
WASHINGTON, et al.,

                Defendants.

NO.  C06-268JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on the motion of Plaintiff Vision Builders, Inc.
("Vision Builders") to remand this action (Dkt. # 4).  Having considered the motion, the
parties' briefing, and their supporting documentation, the court GRANTS Vision Builders'
motion to remand.

## II.   BACKGROUND

Vision Builders filed this action in King County Superior Court seeking declaratory
relief.  Vision Builders anticipated that Defendants, a collection of trade union trusts, would
sue it to recover for the default of a subcontractor on a construction project for which Vision
Builders was the general contractor.  Vision Builders sought a declaratory judgment that the
federal Employee Retirement Income Security Act of 1974 ("ERISA") preempted any effort
to recover against it under Washington statutes governing liens for public works projects.

ORDER - 1

1    Defendants removed the action to this court.  Vision Builders timely filed the instant

2  motion to remand.

3                              **III.    ANALYSIS**

4  **A.    Vision Builders' Motion to Remand**

5    With exceptions not applicable here, a defendant may remove any state court civil

6  action that could have been brought in federal court.  See 28 U.S.C. § 1441.  If the federal

7  court lacks subject matter jurisdiction over the action, remand is mandatory.  A court must

8  "strictly construe the removal statute against removal jurisdiction," and must reject

9  jurisdiction "if there is any doubt as to the right of removal in the first instance."  Gaus v.

10  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The defendant "always has the burden of

11  establishing that removal is proper."  Id.

12    The only potential basis for this court's jurisdiction is that the action presents a federal

13  question.  Defendants reason that because Vision Builders' complaint asserts ERISA's

14  preemptive effect as a basis for declaratory judgment in its favor, the complaint necessarily

15  presents a federal question arising under ERISA.

16    Determining whether a declaratory judgment action raises a federal question requires a

17  court to engage in a bit of preliminary gymnastics.  Ordinarily, the court considers the

18  complaint itself in determining its removability.  E.g., Dahl v. Rosenfeld, 316 F.3d 1074,

19  1076 (9th Cir. 2003) ("Generally, removal to federal court requires that a federal claim appear

20  on the face of the plaintiff's well-pleaded complaint.") (internal quotations omitted).  For a

21  declaratory judgment action, however, the court does not consider the complaint, but rather

22  how the complaint would have looked as a complaint for affirmative relief.  See Arizona v.

23  Atchison, T. & S. F. R. Co., 656 F.2d 398, 401-02 (9th Cir. 1981).  In this case, Defendants

24  would have brought an action for recovery against Vision Builders' performance bonds.  This

25  action unquestionably would have arisen solely under Washington law.

26  ORDER - 2

1    The only federal issue in this case is Vision Builders' defense that ERISA preempts the

2  state law action.  A federal court does not acquire jurisdiction merely because a defendant

3  asserts a defense under federal law.  Franchise Tax Bd. v. Constr. Laborers Vacation Trust,

4  463 U.S. 1, 16 (1983) ("[I]f, but for the availability of the declaratory judgment procedure,

5  the federal claim would arise only as a defense to a state created action, jurisdiction is

6  lacking.") (citation omitted).

7    Under some circumstances, the preemptive effect of ERISA can make an action

8  removable from state court to federal court.  When a state law claim "relates to" the

9  preemptive provision of ERISA (29 U.S.C. § 1144(a)) and "falls within the scope of" the civil

10  remedy provisions of 29 U.S.C. § 1132(a), the preemptive effect of ERISA is sufficient to

11  confer removal jurisdiction.  Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998).

12    There is no dispute that the underlying state court action "relates to" the preemption

13  provision stated in 29 U.S.C. § 1144(a).  Vision Builders brought the action because it wished

14  to take shelter under the provision's protective umbrella.

15    There is no indication, however, that the underlying state court action "falls within the

16  scope of" the civil remedy provisions of 29 U.S.C. § 1132(a).  Defendants, as the parties

17  seeking removal, bear the burden of showing that their well-pleaded state court action would

18  state a claim that falls within this provision.  They have not even attempted to do so.  Because

19  Defendants have not demonstrated that the court has jurisdiction, remand is mandatory.

20  **B.    Vision Builders' Request for Attorneys' Fees**

21    Under 28 U.S.C. § 1447(c), a court remanding an action to state court "may require

22  payment of just costs and any actual expenses, including attorney fees, incurred as a result of

23  the removal."  As the word "may" suggests, the court's decision to make such an award is

24  discretionary.  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).  Generally, a

25  court "may award attorney's fees under § 1447(c) only where the removing party lacked an

26  ORDER - 3

1  objectively reasonable basis for seeking removal." Id.  Here, the court finds that Defendants

2  had no reasonable basis for seeking removal.  Had they conducted reasonable legal research,

3  they would have discovered that the removability of this action depended not on the "federal

4  question" stated in Vision Builders' declaratory judgment action, but on a federal question

5  raised in their implied affirmative request for relief.  Once Vision Builders pointed out their

6  error in the instant motion, Defendants could have mitigated it by conceding that removal was

7  improper.  Instead, they continued to insist that this court had jurisdiction, ignoring the

8  squarely contrary authority that Vision Builders presented.  Rather than rely on an objectively

9  reasonable basis for removal, Defendants asserted that they wished to "obtain the[ir] desired

10  result on the merits" by bringing the action to this court, which they believed would apply

11  more favorable Ninth Circuit law.  A desire to win divorced entirely from consideration of the

12  relevant law is not an objectively reasonable basis for removal.  In addition, Defendants filed

13  a surreply that was improper under this court's local rules.  Local Rules W.D. Wash. CR 7(g).

14      On these facts, an award of reasonable attorneys' fees is appropriate.  The court has

15  reviewed Vision Builders' request for fees and finds that an award of $4,000 is appropriate.

16                          **IV.    CONCLUSION**

17      For the foregoing reasons, the court GRANTS Vision Builders' motion (Dkt. # 4) and

18  awards attorneys' fees of $4,000.  The clerk shall remand this action to King County Superior

19  Court.

20      Dated this 3rd day of May, 2006.

21

22
                                         _____
23                                       JAMES L. ROBART
                                         United States District Judge
24

25

26  ORDER - 4